UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRISTINA ZURCHER,

       Plaintiff,                              CASE NO. 05-70371

-vs-                                                PAUL D. BORMAN
                                                    UNITED STATES DISTRICT JUDGE

MERCY MEMORIAL HOSPITAL
CORPORATION,

       Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**BACKGROUND:**

On October 2, 2004, Kristina Zurcher ("Plaintiff") was being treated at Mercy Memorial Hospital ("Defendant") for multiple injuries including a closed head injury and a dislocation of her right hip.[1] (Complaint ¶6). On that day, the nursing employees of Defendant obtained and placed a bench-style chair in Plaintiff's bathtub so she could sit for a shower. (*Id.* ¶7). The chair slid and/or tipped causing Plaintiff to fall suffering injuries.

Plaintiff filed her complaint alleging ordinary negligence against Defendant on February 2, 2005. Plaintiff alleges:

    7.      On that date [the date of the accident], nursing employees of Defendant, while acting in the course of their employment and within the scope of their authority, obtained and placed a bench-style chair in Plaintiff's bathtub so that Plaintiff could sit for a shower.

---

[1] Plaintiff is "a long-term amputee (left leg)." (Plaintiff's Response, at 3).

>    8.   At all times pertinent, Defendant, through its agents and employee, owed Plaintiff a duty of reasonable care.
>
>    9.   At that time, that chair was not reasonably safe for Plaintiff's use because two of the four legs were missing rubber stops.
>
>    10.  Defendant breached its duty to Plaintiff and was negligent in failing to:
>
>    a) inspect the chair for hazards and defects so that it was reasonably safe for Plaintiff's use;
>
>    b) maintain the chair free of hazards and defects so that it was reasonably safe for Plaintiff's use;
>
>    c) warn Plaintiff of hazards which are not open and obvious;
>
>    d) otherwise exercise reasonable care under the circumstances.

(Complaint at 2).

Defendant filed for summary judgment on March 30, 2005 requesting that this Court dismiss Plaintiff's claim without prejudice.[2] (Defendant's Motion at 1). Defendant contends that this action is medical malpractice action, and not an ordinary negligence claim. (*Id.*) As opposed to a negligence action, a medical malpractice action in Michigan requires the plaintiff to abide by procedural requirements such as providing notice under MCL §600.2912b and filing an affidavit of meritorious defense with the complaint pursuant to MCL §600.2912d. (*Id.* at 2).

---

[2]Plaintiff argues in her response that Defendant's motion is actually a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) because no discovery has occurred and Defendant has presented no matter to this Court outside the pleadings. Defendant's reply to Plaintiff's response does, in fact, attach materials outside the pleadings as to the medical assessments of Plaintiff's condition in support of its claim that Plaintiff's fall was the result of medical decisions. Federal Rule of Civil Procedure 12 (c) provides that "[i]f on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56...." (Fed. R. Civ. P. 12(c)). Accordingly, the Court treats Defendant's motion as a motion for summary judgment under Fed. R. Civ. P. 56.

Defendant alleges that Plaintiff has failed to abide by these requirements.  Accordingly, Defendant contends that this case should be dismissed without prejudice because this case is in reality a medical malpractice case and Plaintiff failed to comply with Michigan's procedural requirements.

Plaintiff responded on April 8, 2005 arguing that Defendant's motion is without merit because this matter involves common knowledge - not medical expertise.  (Plaintiff's Response at 3).  Therefore, Plaintiff contends that this matter was properly filed as a negligence action.  (*Id.*).  Defendant replied on May 24, 2005 arguing that Plaintiff's physicians had written orders regarding Plaintiff's mobility reflecting medical decision making based upon the daily assessment by other health care personnel.  (Defendant's Reply at 2).  Therefore, Defendant contends that this is a medical malpractice action.  Oral Argument was held on June 16, 2005.

## ANALYSIS

### A.  Standard for Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56, a party against whom a claim, counterclaim, or cross-claim is asserted may "at any time, move with or without supporting affidavits, for a summary judgment in the party's favor as to all or any part thereof."  Fed. R. Civ. P. 56(b).  Summary judgment is appropriate where the moving party demonstrates that there is no genuine issue of material fact as to the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A fact is "material" for purposes of a motion for summary judgment where proof of that fact "would have [the] effect of establishing or refuting one of the essential elements of a cause

of action or defense asserted by the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (quoting Black's Law Dictionary 881 (6th ed. 1979)) (citations omitted). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Conversely, where a reasonable jury could not find for the nonmoving party, there is no genuine issue of material fact for trial. *Id.*; *Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir. 1993). In making this evaluation, the court must examine the evidence and draw all reasonable inferences in favor of the non-moving party. *Bender v. Southland Corp.*, 749 F.2d 1205, 1210-1211 (6th Cir. 1984).

If this burden is met by the moving party, the non-moving party's failure to make a showing that is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial" will mandate the entry of summary judgment. *Celotex*, 477 U.S. at 322-23. The non-moving party may not rest upon the mere allegations or denials of his pleadings, but the response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts which demonstrate that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). The rule requires that non-moving party to introduce "evidence of evidentiary quality" demonstrating the existence of a material fact. *Bailey v. Floyd County Bd. of Educ.*, 106 F.3d 135, 145 (6th Cir. 1997); *see also Anderson*, 477 U.S. at 252 (holding that the non-moving party must produce more than a scintilla of evidence to survive summary judgment).

Summary judgment is particularly appropriate at an early stage in cases where claims of libel or invasion of privacy are made against publications dealing with matters of public interest and concern. "In recognition of the constitutional privilege of free expression secured by the

First and Fourteenth Amendments, the courts in libel actions have recognized the need for affording summary relief to defendants in order to avoid the 'chilling effect' on freedom of speech and press." *Ireland v. Edwards*, 230 Mich. App. 607, 613, n. 4 (1998)(quoting *Lins v. Evening News Ass'n*, 129 Mich. App. 419, 425 (1982)).

**B.     Discussion**

Michigan law draws a distinction between an ordinary negligence claim and a medical malpractice claim. A medical malpractice claim requires that: (1) there be a professional relationship between the health care provider and the patient, and (2) that the claim involves medical judgment beyond the scope of common knowledge. *Dorris v. Detroit Osteopathic Hospital Corp.,* 460 Mich. 26 (1999). The first element that the claim pertains to an action that occurred in the course of a professional relationship is not in dispute. Plaintiff was an inpatient at Defendant's medical facility. The second element is the issue for the Court to adjudicate, namely whether the claim raises a question of medical judgment beyond the realm of common knowledge or experience.

> The Michigan Supreme Court has provided:
>
> If the reasonableness of the health professional's actions can be evaluated by lay jurors, on the basis of their common knowledge and experience, it is ordinary negligence. If, on the other hand, the reasonableness of the action can be evaluated by a jury only after having been presented the standards of care pertaining to the medical issue before the jury explained by experts, a medical malpractice action is involved.

*Bryant v. Oakpointe Villa Nursing Center,* 471 Mich. 411, 423 (2004). As explained below, the Court finds that Plaintiff's allegations sound in ordinary negligence because the reasonableness of Defendant's action can be evaluated by lay jurors, on the basis of their common knowledge and experience.

The parties in their pleadings set forth three cases - *Wiley v. Henry Ford Cottage Hospital,* 257 Mich. App. 48 (Mich. App. 2003), *Regalski v. Cardiology Associates, P.C.,* 459 Mich. 891 (1998) and *Bryant v. Oakpointe Villa,* 471 Mich. 411 (2004).  Both parties purport that these three cases support their respective position on how to characterize Plaintiff's allegations. The cases are discussed below.

In *Wiley v. Henry Ford Cottage Hospital,* the plaintiff underwent an amputation of her left leg at Henry Ford Hospital.  The plaintiff was then transferred to Henry Ford Cottage Hospital, the defendant, for therapy.  While the nurses at the defendant's facility were attempting to move the plaintiff from the toilet to the wheelchair, the plaintiff sustained a laceration to the front of her lower light leg.  She was discharged, but later readmitted for treatment of the ulcerations on her right leg, which later needed to be amputated.  The plaintiff alleged that the defendant's negligence causing the laceration resulted in the loss of her right leg.

In *Wiley,* the plaintiff asserted a medical malpractice case in the trial court which included calling a nursing expert and arguing that the defendant violated nursing standards.  On appeal, the plaintiff argued that it was actually an ordinary negligence case.  The Court of Appeals held that plaintiff's claim was of medical malpractice:

> because an ordinary layman lacks knowledge regarding the appropriate methods and techniques for transferring patients.  Reading the claim as a whole, it is clear that plaintiff's claim against defendant sounded in medical malpractice.

(*Id.* at 510).

In *Wiley,* the plaintiff did not argue that his claim was an ordinary negligence claim until he was on appeal.  This procedural misstep by the plaintiff made *Wiley* an easier case than the instant case.  The Court finds that in the instant case similar to *Wiley* an ordinary laymen lacks

knowledge regarding the appropriate methods and techniques for transferring patients and evaluating whether an amputee such as Plaintiff could safely bath herself while sitting on a stool. On the other hand, as discussed in greater detail below, the Court finds that Plaintiff's allegations set forth in her complaint do not sweep so broadly as to encompass the medical issues surrounding Plaintiff's condition and her ability to bathe by herself. Plaintiff does not allege that Defendant's nurses were negligent in transferring her. Nor does Plaintiff allege that Defendant was negligent in allowing her to shower alone. Plaintiff simply alleges that Defendant's nurses gave her a defective chair which caused her to fall.

In *Regalski v. Cardiology Associates, P.C.,* the Michigan Supreme Court reversed the Court of Appeals' determination that the plaintiff alleged an ordinary negligence claim rather than a medical malpractice claim. The plaintiff alleged she was injured when a technician negligently assisted her from a wheelchair onto an examination table. The Court held that the technician was engaging in or otherwise assisting in medical care and treatment, and this was a medical malpractice action. Similar to *Wiley,* the Court finds that Plaintiff's allegations make *Regalski* distinguishable.

In *Bryant v. Oakpointe Villa,* a nursing home resident died from positional asphyxiation when she slipped in between the rails of her bed. The plaintiff's estate's complaint alleged that the defendant had failed (1) to train its nurse assistants to recognize and counter the risk of positional asphyxiation posed by the bed rails, (2) to take adequate measures after finding the decedent entangled in her bedding, and (3) to inspect the bed arrangements to assure that the risk of positional asphyxiation did not exist. The plaintiff contended that this was an ordinary negligence case, whereas the defendant argued that it was a medical malpractice claim.

With the first claim, failure to train, the Court found it was a medical malpractice claim. The Court found the assessment of whether a bed rail creates a risk of entrapment for a patient requires knowledge of that patient's medical history and behavior. The Court found that expert testimony was required to determine the risks posed by particular configuration of bed rails and other prescribed restraint systems. Similarly, regarding the plaintiff's failure to inspect the bed arrangements claim, the Court determined it was a medical malpractice claim. The Court found that it sounded in medical malpractice because it was in the realm of expert testimony.

The Court finally found that Plaintiff's failure to take steps to protect the decedent after they had discovered her entangled the night before was an ordinary negligence claim. The Court provided:

> [t]his claim sounds in ordinary negligence. No expert testimony is necessary to determine whether defendant's employees should have take *some* sort of corrective action to prevent future harm after learning of the hazard. The fact-finder can rely on common knowledge and experience in determining whether defendant ought to have made an attempt to reduce a known risk of imminent harm to one of its charges.

(*Id.* at 875) (emphasis in original). Similarly here, the fact-finder can rely on common knowledge to determine whether Defendant ought to have provided a reasonably safe chair to Plaintiff. No expert testimony is necessary because of the narrow issue raised by Plaintiff's complaint. Notably, the *Bryant* Court provided an example of an ordinary negligence claim similar to the facts here:

> [i]f a party alleges in a lawsuit that the nursing home was negligent in allowing the decedent to take a bath under conditions known to be hazardous, the *Dorris* standard would dictate that the claim sounds in ordinary negligence.

(*Id.* at 431).

The Court finds dispositive the nature of Plaintiff's allegations. Plaintiff alleges:

    7.       On that date [the date of the accident], nursing employees of Defendant, while acting in the course of their employment and within the scope of their authority, obtained and placed a bench-style chair in Plaintiff's bathtub so that Plaintiff could sit for a shower.

    8.       At all times pertinent, Defendant, through its agents and employee, owed Plaintiff a duty of reasonable care.

    9.       At that time, that chair was not reasonably safe for Plaintiff's use *because two of the four legs were missing rubber stops*.

    10.      Defendant breached its duty to Plaintiff and was negligent in failing to:

           a) inspect the chair for hazards and defects so that it was reasonably safe for Plaintiff's use;

           b) maintain the chair free of hazards and defects so that it was reasonably safe for Plaintiff's use;

           c) warn Plaintiff of hazards which are not open and obvious;

           d) otherwise exercise reasonable care under the circumstances.[3]

(Complaint at 2) (emphasis supplied). Plaintiff's negligence claim pertains to the her contention that the chair was not reasonable safe for her use. The Court finds that Plaintiff's claim is limited to the chair's safety and the nurses' action pertaining to the unsafe chair. The Court finds that this claim as plead by Plaintiff does not require specialized knowledge or expert testimony. The Plaintiff's claim centers around her allegations that the nurses should not have provided her a defective chair to use while showering.

---

[3] Defendant points to paragraph 10 d) to support its claim that the nature of this case is a question of medical judgment. (Defendant's Motion at 2). The Court finds however, that upon a fair reading of the entire complaint, Plaintiff's claim centers around the defective chair supplied to Plaintiff by Defendant's personnel. The Court finds paragraph 10 d) is best characterized as a "catchall" provision peripheral to the complaint's primary assertion because the complaint does not supply any further allegations as to how Defendant failed to "otherwise exercise reasonable care under the circumstances."

Defendant attaches abundant medical documentation to support its contention that this action is a medical malpractice action and not an ordinary negligence claim.  For example, a medical note attached by Defendant provides that on October 2, 2004 the physical therapist noted "Nursing requested that P.T. [Physical Therapist] and O.T. [Occupational Therapist] transfer patient to shower chair.  Patient transferred with moderate assist.  Patient told not to stand.  Call light shown to patient ... Patient verbalized understanding of safety information while showering."  (Plaintiff's Reply, Ex. E).

The Defendant attaches an affidavit from Registered Nurse, Melinda Beaudry which provides in its entirety:

1. I am a duly licensed registered nurse practicing in the State of Michigan.

2. I have reviewed the medical records of KRISTINA ZURCHER from Mercy Memorial Hospital of October 2004 including progress notes, physician's orders, nursing notes, occupational therapy notes and physical therapy notes.

3. I have reviewed the Plaintiffs' Complaint.

4. I am familiar with the standard of care required for nurses caring for a patient such as KRISTINA ZURCHER during the time period set forth in Plaintiffs' Complaint.

5. In my opinion, based upon the medical records, the physician orders clearly indicate that plaintiff had to be transferred with assistance.  Plaintiff was taking medications including Morphine and had a history of head injury.  As a result, the nurses and other health care personnel, including occupational therapists and physical therapists had to evaluate plaintiff and use clinical judgement to determine whether her medical condition would allow her to be transferred to the shower safely.

6. Further, it is my opinion based upon the medical records, including physician's orders, that nurses and other health care personnel would elevate the equipment needed and use clinical judgement regarding the safety of using the equipment, including the shower stool.

7. The opinions expressed herein are based upon materials I have reviewed and are

>subject to modification or change based upon any additional information provided to me.

(Defendant's Reply, Ex. F).  The Court finds that the affidavit's statements relating to the Plaintiff's transfer to the shower are irrelevant because Plaintiff does not allege negligence in Plaintiff's transfer.  The affidavit's most pertinent statement is paragraph six which pertains to the shower stool.  As noted above, Beaudry provides that medical judgment is necessary to evaluate the equipment used by a patient with Plaintiff's medical conditions.[4]  The Court, however, finds that Plaintiff does not allege the type of equipment selected was negligent based on Plaintiff's medical condition; Plaintiff's allegations are limited to the fact that the chair was missing two rubber stops which caused it to tip over.  This narrow issue does not involve expert testimony or specialized knowledge.  The Court finds that this action does not involve medical judgment beyond the scope of common knowledge.  Defendant attaches pages of detailed medical records and documents in its attempt to cast this case as a medical malpractice case.  The Court finds that the Plaintiff's allegations are simple and do not rest upon medical determinations and expert testimony.  The Court holds that Plaintiff's claim sounds in ordinary negligence.  Accordingly, the Court denies Defendant's motion for summary judgment.

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated:  June 22, 2005

---

[4] While Defendant sets forth that a bench was medically necessary for Plaintiff to shower, the Court notes that the parties do not dispute that it was, in fact, Plaintiff who requested a bench from the nursing staff.

11

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on June 22, 2005.

                                                s/Jonie Parker
                                                Case Manager